NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—October, November, 1883.

BRAUTIGAM V. ESCHER.

*In the matter of the estate of* CAROLINE RUCKNER, *deceased.*

A testamentary trustee retiring from office for his own convenience cannot receive, out of the trust fund, an allowance to defray the expense of the proceedings to procure his discharge.

This rule may, however, be relaxed where an accounting, with respect to his management of the trust, would have been properly and naturally made, at the time, independently of his resignation.

PETITION of John Henry Escher for judicial settlement of his account as executor of, and trustee under the will of decedent, and for his discharge as trustee, and for revocation of his letters. Anna M. Brautigam, and others, parties interested in the estate, appeared on the return of the citation. The facts appear sufficiently in the opinion.

JACOB FROMME, *for trustee.*

STEPHEN H. OLIN, *for cestuis que trust.*

THE SURROGATE.—The retiring executor and trustee asks for an allowance as costs and counsel fee.

His application must be denied, in view of the fact that his wish to be relieved from his duties seems to be the sole occasion for his retirement (Matter of Jones, *4 Sandf. Ch., 615 ;* Matter of Allen, *29 Hun, 7*).

On November 22nd, 1883, was filed the following opinion:

THE SURROGATE.—I have heretofore held, in this case, that the retiring executor and trustee was not entitled to any allowance. My attention has since been called to the fact that the present accounting would very properly and naturally have been made at this time, even though the petitioner had no wish or purpose to resign. This fact justifies the relaxation of the severity of the rule that denies, to a trustee retiring from office for his own convenience, any allowance to

defray the expense of the proceeding. I can only allow the petitioner, however, the costs strictly pertinent to the *accounting*, and I must be furnished with an affidavit as to the number of days necessarily occupied *therewith*.